LaCava, J.
(concurring in part and dissenting in part and voting to affirm both judgments in the following memorandum). Although I agree with my colleagues with respect to the judgment convicting defendant of speeding, I respectfully disagree with them with respect to the judgment convicting defendant of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), and would affirm both convictions.
*37 In People v Cruz (48 NY2d 419 [1979]), the Court of Appeals defined legal intoxication as “a . . . degree of impairment which is reached when the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver” (id. at 428). In this case, a state trooper, monitoring traffic on the New York State Thruway, visually estimated defendant’s vehicle to be traveling at approximately 100 miles per hour. The trooper employed his laser device and measured the speed of defendant’s vehicle at 95 miles per hour. The trooper pursued defendant’s automobile, which immediately slowed so quickly that the front of the vehicle appeared to go “down” and the rear end “up.” After stopping defendant, the trooper detected the odor of an alcoholic beverage emanating from defendant’s breath and car, and observed that defendant’s eyes were glassy. When asked where he was coming from, defendant answered that he had attended a “Yankee game” earlier in the evening. When asked about the time discrepancy between the end of the game and the traffic stop, defendant explained that, after the game, he had taken a nap in his car in the Yankee Stadium parking lot. When asked if he had been drinking, defendant admitted that he had been drinking beer. He later agreed to a chemical test of the alcohol content of his blood, which test produced a reading of .19% by weight.
In my opinion, the evidence proved, beyond a reasonable doubt, that defendant must have known that, because he had been drinking (which fact the evidence amply supported), his act of operating his vehicle at 95 miles per hour, that is, 30 miles per hour over the posted speed limit, was extremely hazardous to himself and to other drivers. Coupled with his diminished ability to control his vehicle properly and safely, as evidenced by his extreme and sudden slowdown, the proof established that defendant lacked the physical and mental abilities required to operate his vehicle as a reasonable and prudent driver to a degree that satisfied the Cruz criteria for operating a motor vehicle while in an intoxicated condition, in violation of Vehicle and Traffic Law § 1192 (3). Indeed, by driving at an extremely high rate of speed after drinking, defendant clearly lacked the mental ability to operate his vehicle as the reasonable and prudent driver required by Cruz. Moreover, defendant jammed on his brakes so severely that “the front of his vehicle appeared to go down and the rear appeared to go up,” instead of gradually slowing down his vehicle, as might reasonably be *38 expected of a reasonable and prudent driver, suggesting that he lacked not only the mental, but also the physical, ability expected of a careful driver whose reactions were not affected by alcohol.
Tanenbaum, J.P., and Iannacci, J., concur. LaCava, J., concurs in part and dissents in part in a separate memorandum.